UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MICHIGAN PORK PRODUCERS
ASSOCIATION, INC., *et al.*,

  Plaintiffs and Cross-Defendants,

v.

CAMPAIGN FOR FAMILY FARMS,
*et al.*,

  Defendant-Intervenors and
  Cross-Complainants,

v.

MIKE JOHANNS, Secretary,
United States Department of
Agriculture, *et al.,*

  Defendants and Cross-Defendants.
_____/

Case No. 1:01-CV-34

Hon. Richard Alan Enslen

**ORDER**

     This matter is on appeal of United States Magistrate Judge Ellen S. Carmody's Order of November 3, 2005, which denied permission to expand the record. Oral argument is unnecessary.

     Pursuant to 28 U.S.C. § 636(b)(1)(A), the review of a magistrate judge's pretrial orders is limited to whether the orders are "clearly erroneous or contrary to law." *See United States v. Raddatz,* 447 U.S. 667, 673 (1980); *Flournoy v. Marshall*, 842 F.2d 875, 876-77 (6th Cir. 1988). This standard is necessarily deferential and does not permit reversal unless the reviewing court is left with the definite and firm conviction that an error has been made. *See United States v. Kellams,* 26 F.3d 646, 648 (6th Cir. 1994) (citing *Anderson v. Bessemer City,* 470 U.S. 564, 573-74 (1985)); *Chakales v. Comm'r of Internal Revenue,* 79 F.3d 726, 728 (8th Cir. 1996).

These standards have been explained by this Court as follows:

> This court cannot reverse a magistrate's opinion on a non-dispositive matter unless the magistrate's decision was clearly erroneous or contrary to law. . . . The "clearly erroneous" standard applies only to the magistrate judge's factual findings; [the] legal conclusions are reviewed under the plenary "contrary to law" standard. . . . Therefore, this Court must exercise independent judgment with respect to the magistrate judge's conclusions of law. . . . Where the relevant legal standard under the Federal Rules of Civil Procedure requires the decision-maker to "do justice" or balance the interests at stake, the magistrate judge's decision will be reversed only on a showing of an abuse of discretion. . . .

*Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995) (citations omitted).

Applying those standards, the Court cannot find that the Magistrate Judge's denial of Defendant-Intervenors Campaign for Family Farms ("CFF") *et al.*'s request to reopen and expand the record was clearly erroneous or an abuse of the Magistrate Judge's discretion. Prior to the United States Supreme Court's remand of this case, the case was litigated as an as-applied constitutional challenge. The litigation of the case involved prolonged and extensive discovery. The record before expansion already includes information on the issue which is the subject of the expansion request–namely, the attributions made with respect to the pork check-off program advertising. (*See* Fed. Defs.' Resp., Exs. 7 & 8.) The Sixth Circuit Court of Appeals recognizes that the trial court's decision as to whether to expand the record upon remand is a discretionary one. *Carter-Jones Lumber Co. v. LTV Steel Co.*, 237 F.3d 745, 751 (6th Cir. 2001); *Brunet v. City of Columbus*, 58 F.3d 251, 257 (6th Cir. 1995). The Court believes that Magistrate Judge Carmody has appropriately exercised her discretion. Delay has already blighted this suit. It should not be made worse.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant-Intervenors' Appeal (Dkt. No. 286) is **DENIED** and the decision of the Magistrate Judge (Dkt. No. 285) is **AFFIRMED**.

```
                                    /s/ Richard Alan Enslen
DATED in Kalamazoo, MI:             RICHARD ALAN ENSLEN
     December 29, 2005              SENIOR UNITED STATES DISTRICT JUDGE
```